UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

JOSEPH E. FALARDO,

                                    Plaintiff,

              - against -

NEW YORK CITY POLICE DEPARTMENT,

                                    Defendant.

-------------------------------------------------------------------------- x

**DECLARATION OF KEITH M.
SNOW IN RESPONSE TO THE
COURT'S ORDER TO SHOW
CAUSE AND IN SUPPORT OF
DEFENDANTS' REQUEST FOR
AN EXTENSION TO RESPOND
TO THE COMPLAINT**

07 Civ. 9347 (VM)

        **KEITH M. SNOW** declares, pursuant to 28 U.S.C. §1746 and under penalty of

perjury, that the following is true and correct:

        1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo,

Corporation Counsel of the City of New York, attorney for the New York City Police

Department (the "NYPD") and the City of New York (the "City") (collectively "defendants") in

the above-caption action.

        2.  I submit this declaration in response to the Court's Order to Show Cause dated

April 28, 2008 and in support of defendants' request for a forty-five day extension of time to

respond to the complaint in this matter.

        3.  In sum, my office did not receive a copy of the complaint until Thursday,

April 24, 2008, and we respectfully request a brief extension of time in order to investigate the

allegations in the complaint and formulate a response.  Defendants note that it appears that the

complaint is subject to dismissal on statute of limitation grounds, as plaintiff retired on August 2,

1974, over thirty-three years ago.  Moreover, while plaintiff bases his action, in part, on the

- 1 -

ADA, the ADA was not enacted until 1990, and did not become effective until 1992, approximately twelve years after the events giving rise to this action took place.

4.  This declaration is made based on the records of the New York City Police Pension Fund ("Police Pension Fund"), and on conversations with City employees.

## BACKGROUND INFORMATION

5.  Joseph E. Falardo, the *pro se* plaintiff ("plaintiff"), is a retired New York City Police Officer. See Complt. II. E. at p. 3.

6.  On August 2, 1974, plaintiff retired from the NYPD on an ordinary disability retirement pension. See Complt. II. B. and E. at p. 3.

7.  On or about May 18, 2007, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").    A copy of the Charge of Discrimination is annexed hereto as Exhibit 1.

8.  In this Charge of Discrimination, plaintiff claimed that at the time of his retirement, his Police Benevolent Association ("PBA") representative failed to inform him of the difference in monetary value between retiring with an ordinary disability retirement and retiring with a service retirement.  See Id.  Plaintiff alleges that he was eligible to receive a service retirement in 1974 because he had more than twenty years of service at that time.  Id.

9.  In his complaint in this action, plaintiff claims that as a result of receiving an ordinary disability retirement, he is not eligible to receive the "Variable Annuity Fund[1]," which

---

[1] The "Variable Annuity Fund," or Police Officers' Variable Supplements Fund ("VSF"), is established and governed by the New York City Administrative Code ("Administrative Code").  The legislature has explicitly declared that the VSF is not a pension benefit.  See Administrative Code § 13-269.  Rather it is a benefit dispersed to certain City retirees in addition to regular pension or retirement benefits.  Id.  The benefit is only available to certain individuals who retire with a service retirement (as opposed to a disability retirement).  See Administrative Code § 13-271(a)(8).

is an additional benefit that he would have been able to receive had he elected a service retirement.  Plaintiff claims that this violates the ADA.  See Complt. II. E. at p. 3.

<u>**WHY DEFENDANTS' ANSWER HAS NOT YET BEEN FILED**</u>
<u>**AND CANNOT BE FILED BY APRIL 30, 2008**</u>

10. Service of the summons and complaint in this action was made on plaintiff's former employer, the NYPD, at 1 Police Plaza, New York, New York 10038 on November 12, 2007.[2]

11. Unfortunately, the complaint was not forwarded to the Office of the Corporation Counsel until April 24, 2008.

12. Defendants apologize for this oversight, and respectfully request that the Court excuse defendants' failure to answer the complaint prior to April 30, 2008.

13. As this office was not notified of this action until Thursday April 24, 2008, defendants are unable to fully and adequately respond to the complaint at this time.  Therefore, defendants respectfully request that they be granted a brief forty-five extension of time, until June 16, 2008, to respond to the complaint in this matter.

14. It should be noted that District Courts may grant extensions of time based upon a showing of "excusable neglect."  LoSacco v. City of Middletown et al., 71 F.3d 88, 93 (2d Cir. 1995).  "Excusable neglect" under Fed. R. Civ. P. 6(b)(2) may encompass delays caused by inadvertence, mistake or carelessness, at least where the delay is not long, there is no bad faith, there is no prejudice to the opposing party and the excuse has some merit.  Id.  Defendants respectfully submit that these criteria are present in this situation.

---

[2] The NYPD does not directly provide pension benefits or the "Variable Annuity Fund" to its retired employees; rather, plaintiff's pension payments are processed, administered and paid by the Police Pension Fund, which is located at 233 Broadway, 25th Floor, New York, New York 10279.

15. Moreover, as noted above, the acts and/or omissions alleged in the complaint occurred many years ago. Plaintiff retired on August 2, 1974, and alleges that prior to his retirement, a PBA representative failed to properly inform him of his retirement options. Any documents relating to plaintiff's retirement – if obtainable – will likely be difficult to locate, and doing so will require a search that will most likely involve a substantial amount of time. In addition, defendants believe that this action is subject to dismissal on at least two grounds. Defendants respectfully request the opportunity to fully investigate and present these meritorious defenses.

16. Due to plaintiff's thirty-two year and nine month delay in filing the May 18, 2007 Charge of Discrimination with the EEOC, and his more than thirty-three year delay in bringing this action, the complaint should be subject to dismissal based on laches and/or the applicable statute of limitations. See 42 U.S.C. 2000e-5.

17. These time limitations should also apply to any State claims alleged under N.Y. Exec. Law §§ 290 to 297. Pursuant to § 297(5), any complaint filed pursuant to the Executive Law must be filed within one year after the alleged unlawful discriminatory practice. Here, the alleged unlawful discriminatory practice occurred when the claimant retired in 1974, but he did not file an action until 2007, thirty-three years later.

18. Finally, the action also seems to be subject to dismissal by the very case that plaintiff relies upon in his complaint. In bringing this action, plaintiff relies on Castellano, et al. v. The City of New York, et al., 142 F.3d 58, 72 (2d Cir. 1998). (See Complt. II. E. at p. 3). Specifically, plaintiff relies on the following language regarding plaintiff Velardi: "The ADA is violated where persons covered by the ADA who qualify for both a service retirement and

disability retirement plan are required to take a disability benefit which is less advantageous." Castellano, 142 F.3d at 72. (Internal quotations omitted).[3]

19. However, the subsequent history of the Castellano case relating to plaintiff Velardi's claims makes plain that plaintiff's reliance on this case is misplaced, and that this action should be dismissed.

20. In Velardi v. New York City Fire Department Pension Fund, 20 F. Supp.2d 623 (S.D.N.Y. 1998) aff'd 182 F.3d 902 (2d Cir. 1999), the District Court dismissed Velardi's claims following the Second Circuit's remand.  In doing so, the Court stated that the ADA was enacted on July 26, 1990, and became effective in 1992, without being retroactive.  Velardi, 20 F. Supp.2d at **4 - **5.  The Court reasoned that even if Velardi was " 'forced,' by lack of adequate information concerning his retirement options, to retire on ordinary disability retirement rather than on the allegedly more advantageous 'for service' basis, the defendant's action was simply not covered by the ADA."  Velardi, 20 F. Supp.2d at **5.  The Court noted that Velardi had retired in 1975, which was well before the effective date of the ADA.  Id.

21. Here, plaintiff makes the same allegations that were dismissed in Velardi.  See Id.  Notably, like Valardi who retired in 1975, plaintiff retired in 1974, which was well before the enactment and applicability of the ADA.

---

[3] It should be noted that the dismissal of the claims of the remaining plaintiffs in Castellano was affirmed by the Second Circuit.  The Court held that nothing in the ADA required an employer to provide disabled employees VSF benefits where the individual could have chosen to retire with a disability retirement or service retirement. Castellano, 142 F.3d at 71.

## **CONCLUSION**

22. For these reasons, defendants respectfully request that the Court grant a forty-

five day extension of time, until June 16, 2008, to respond to the complaint.

Dated:        New York, New York
              April 30, 2008

                                        _____
                                        KEITH M. SNOW (KS 5259)
                                        Assistant Corporation Counsel


To:     Mr. Joseph E. Falardo
        1870 Hering Avenue
        Bronx, New York 10461
        Via First Class Mail

        Hon. Judge Victor Marrero
        United States Courthouse
        Southern District of New York
        500 Pearl Street, Suite 660
        New York, New York 10007
        Via First Class Mail and ECF

Exhibit 1

Fax: 6466108395    Apr 24 2008 04:48pm

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
| --- | --- |
| **NYC POLICE DEPARTMENT**<br>**Legal Division**<br>**1 Police Plaza, Room 1406**<br>**New York, NY 10038** | **Joseph Faiardo** |
|  | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**520-2007-00807** |

## NOTICE OF CHARGE OF DISCRIMINATION
### (See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act     [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Hazel C. Stewart,**
**Supervisory Investigator**
*EEOC Representative*
*Telephone* **(212) 336-3776**

**New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [X] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
| --- | --- | --- |
| **June 21, 2007** | **Spencer H. Lewis, Jr.,**<br>**Director** | |

Enclosure with EEOC
Form 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

Fax: 6466108395    Apr 24 2008 04:49pm P004/005

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | ☒ EEOC | 520-2007-00807 |

RECEIVED MAY 1 8 2007 EEOC-NYDO-CRTIU

and EEOC

_____ State or local Agency, if any

| NAME (Indicate Mr., ...) | HOME TELEPHONE (Include Area Code) |
|---|---|
| JOSEPH E. FALARDO | 718-822-4009 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1870 HERING AVE. | BRONX, N.Y. 10461 | 10-23-25 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| CITY OF NEW YORK | | 1-212-669-8300 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| CITY HALL | NEW YORK, N.Y. 10007 | MANHATTAN |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| NEW YORK CITY POLICE DEPT. ART. II PENSION #9863 | | 212-693-6888 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 233 BROADWAY | NEW YORK, N.Y. 10207 | MANHATTAN |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST 8/2/74 | LATEST |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

I have been fighting for a benefit which has been denied me. I retired on an ordinary disability after 21 years and 2 months of service of which fulfilled my contract with the City of New York. I would like to inform you that I have been to the county system, federal and state, and I have been to the legislative body in the state of New York. The E.E.O.C number 915.002 at 3 states that I qualify for both service retirement and I received a ordinary disability retirement. When I retired the police pension board and also my P.B.A. representative failed to inform me of the different options as far as monetary value. See attached letter.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | Joseph E. Falardo |
| Date _____ Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 16, MAY 2007 (Day, month, and year) |

MELODIE POINTING
Notary Public, State of New York
No. 03-4998643
Qualified in Bronx County

EEOC FORM 5 (REV 3/01)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JOSEPH E. FALARDO,                                      **CERTIFICATE OF SERVICE**

                                         Plaintiff,        07 Civ. 9347 (VM)

              - against -


NEW YORK CITY POLICE DEPARTMENT,

                                         Defendant.

------------------------------------------------------------------ X


      I hereby certify that on April 30, 2008, I caused a true and correct copy of the

foregoing DECLARATION OF KEITH M. SNOW to be served by regular mail on Joseph E.

Falardo at the following address: 1870 Hering Avenue Bronx, New York 10461.

Dated:        New York, New York
              April 30, 2008


                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                            City of New York
                         Attorney for City Defendants
                         100 Church Street
                         New York, New York 10007
                         (212) 788-0581


                         By:  _____
                              KEITH M. SNOW (KS 5259)
                              Assistant Corporation Counsel

Index No.07 Civ. 9347 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH E. FALARDO,

                                                    Plaintiff,

- against -

NEW YORK CITY POLICE DEPARTMENT,

                                                    Defendant.

**DECLARATION OF KEITH M. SNOW IN
RESPONSE TO THE COURT'S ORDER TO SHOW
CAUSE AND IN SUPPORT OF DEFENDANTS'
REQUEST FOR AN EXTENSION OF TIME TO
RESPOND TO THE COMPLAINT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, New York 10007-2601

Of Counsel:        Keith M. Snow (KS 5259)
Tel No.:           (212) 788-0581

*Service of which is hereby acknowledged:*

*New York, New York*   Dated:

Signed: ...............................................................................

Attorney for: ........................................................................