```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-5-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOSEPH E. FALARDO,

                                Plaintiff,

- against -

NEW YORK CITY POLICE DEPARTMENT,

                                Defendant.

**DECLARATION OF KEITH M. SNOW IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND IN SUPPORT OF DEFENDANTS' REQUEST FOR AN EXTENSION TO RESPOND TO THE COMPLAINT**

07 Civ. 9347 (VM)

------------------------------------------------------------------x

      **KEITH M. SNOW** declares, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

      1. I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the New York City Police Department (the "NYPD") and the City of New York (the "City") (collectively "defendants") in the above-caption action.

      2. I submit this declaration in response to the Court's Order to Show Cause dated April 28, 2008 and in support of defendants' request for a forty-five day extension of time to respond to the complaint in this matter.

      3. In sum, my office did not receive a copy of the complaint until Thursday, April 24, 2008, and we respectfully request a brief extension of time in order to investigate the

allegations in the complaint and formulate a response. Defendants note that it appears that the complaint is subject to dismissal on statute of limitation grounds, as plaintiff retired on August 2, 1974, over thirty-three years ago. Moreover, while plaintiff bases his action, in part, on the ADA, the ADA was not enacted until 1990, and did not become effective until 1992, approximately twelve years after the events giving rise to this action took place.

4. This declaration is made based on the records of the New York City Police Pension Fund ("Police Pension Fund"), and on conversations with City employees.

## BACKGROUND INFORMATION

5. Joseph E. Falardo, the *pro se* plaintiff ("plaintiff"), is a retired New York City Police Officer. See Complt. II. E. at p. 3.

6. On August 2, 1974, plaintiff retired from the NYPD on an ordinary disability retirement pension. See Complt. II. B. and E. at p. 3.

7. On or about May 18, 2007, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge of Discrimination is annexed hereto as Exhibit 1.

8. In this Charge of Discrimination, plaintiff claimed that at the time of his retirement, his Police Benevolent Association ("PBA") representative failed to inform him of the difference in monetary value between retiring with an ordinary disability retirement and retiring with a service retirement. See Id. Plaintiff alleges that he was eligible to receive a service retirement in 1974 because he had more than twenty years of service at that time. Id.

9. In his complaint in this action, plaintiff claims that as a result of receiving an ordinary disability retirement, he is not eligible to receive the "Variable Annuity Fund[1]," which is an additional benefit that he would have been able to receive had he elected a service retirement. Plaintiff claims that this violates the ADA. See Complt. II. E. at p. 3.

### WHY DEFENDANTS' ANSWER HAS NOT YET BEEN FILED AND CANNOT BE FILED BY APRIL 30, 2008

10. Service of the summons and complaint in this action was made on plaintiff's former employer, the NYPD, at 1 Police Plaza, New York, New York 10038 on November 12, 2007.[2]

11. Unfortunately, the complaint was not forwarded to the Office of the Corporation Counsel until April 24, 2008.

12. Defendants apologize for this oversight, and respectfully request that the Court excuse defendants' failure to answer the complaint prior to April 30, 2008.

13. As this office was not notified of this action until Thursday April 24, 2008, defendants are unable to fully and adequately respond to the complaint at this time. Therefore, defendants respectfully request that they be granted a brief forty-five extension of time, until June 16, 2008, to respond to the complaint in this matter.

---

[1] The "Variable Annuity Fund," or Police Officers' Variable Supplements Fund ("VSF"), is established and governed by the New York City Administrative Code ("Administrative Code"). The legislature has explicitly declared that the VSF is not a pension benefit. See Administrative Code § 13-269. Rather it is a benefit dispersed to certain City retirees in addition to regular pension or retirement benefits. Id. The benefit is only available to certain individuals who retire with a service retirement (as opposed to a disability retirement). See Administrative Code § 13-271(a)(8).

[2] The NYPD does not directly provide pension benefits or the "Variable Annuity Fund" to its retired employees; rather, plaintiff's pension payments are processed, administered and paid by the Police Pension Fund, which is located at 233 Broadway, 25th Floor, New York, New York 10279.

14. It should be noted that District Courts may grant extensions of time based upon a showing of "excusable neglect." LoSacco v. City of Middletown et al., 71 F.3d 88, 93 (2d Cir. 1995). "Excusable neglect" under Fed. R. Civ. P. 6(b)(2) may encompass delays caused by inadvertence, mistake or carelessness, at least where the delay is not long, there is no bad faith, there is no prejudice to the opposing party and the excuse has some merit. Id. Defendants respectfully submit that these criteria are present in this situation.

15. Moreover, as noted above, the acts and/or omissions alleged in the complaint occurred many years ago. Plaintiff retired on August 2, 1974, and alleges that prior to his retirement, a PBA representative failed to properly inform him of his retirement options. Any documents relating to plaintiff's retirement – if obtainable – will likely be difficult to locate, and doing so will require a search that will most likely involve a substantial amount of time. In addition, defendants believe that this action is subject to dismissal on at least two grounds. Defendants respectfully request the opportunity to fully investigate and present these meritorious defenses.

16. Due to plaintiff's thirty-two year and nine month delay in filing the May 18, 2007 Charge of Discrimination with the EEOC, and his more than thirty-three year delay in bringing this action, the complaint should be subject to dismissal based on laches and/or the applicable statute of limitations. See 42 U.S.C. 2000e-5.

17. These time limitations should also apply to any State claims alleged under N.Y. Exec. Law §§ 290 to 297. Pursuant to § 297(5), any complaint filed pursuant to the Executive Law must be filed within one year after the alleged unlawful discriminatory practice. Here, the alleged unlawful discriminatory practice occurred when the claimant retired in 1974, but he did not file an action until 2007, thirty-three years later.

18. Finally, the action also seems to be subject to dismissal by the very case that plaintiff relies upon in his complaint. In bringing this action, plaintiff relies on <u>Castellano, et al. v. The City of New York, et al.</u>, 142 F.3d 58, 72 (2d Cir. 1998). (<u>See</u> Complt. II. E. at p. 3). Specifically, plaintiff relies on the following language regarding plaintiff Velardi: "The ADA is violated where persons covered by the ADA who qualify for both a service retirement and disability retirement plan are required to take a disability benefit which is less advantageous." <u>Castellano</u>, 142 F.3d at 72. (Internal quotations omitted).[3]

19. However, the subsequent history of the <u>Castellano</u> case relating to plaintiff Velardi's claims makes plain that plaintiff's reliance on this case is misplaced, and that this action should be dismissed.

20. In <u>Velardi v. New York City Fire Department Pension Fund</u>, 20 F. Supp.2d 623 (S.D.N.Y. 1998) <u>aff'd</u> 182 F.3d 902 (2d Cir. 1999), the District Court dismissed Velardi's claims following the Second Circuit's remand. In doing so, the Court stated that the ADA was enacted on July 26, 1990, and became effective in 1992, without being retroactive. <u>Velardi</u>, 20 F. Supp.2d at \*\*4 - \*\*5. The Court reasoned that even if Velardi was " 'forced,' by lack of adequate information concerning his retirement options, to retire on ordinary disability retirement rather than on the allegedly more advantageous 'for service' basis, the defendant's action was simply not covered by the ADA." <u>Velardi</u>, 20 F. Supp.2d at \*\*5. The Court noted that Velardi had retired in 1975, which was well before the effective date of the ADA. <u>Id.</u>

---

[3] It should be noted that the dismissal of the claims of the remaining plaintiffs in <u>Castellano</u> was affirmed by the Second Circuit. The Court held that nothing in the ADA required an employer to provide disabled employees VSF benefits where the individual could have chosen to retire with a disability retirement or service retirement. <u>Castellano</u>, 142 F.3d at 71.

21. Here, plaintiff makes the same allegations that were dismissed in Velardi. See Id. Notably, like Valardi who retired in 1975, plaintiff retired in 1974, which was well before the enactment and applicability of the ADA.

## CONCLUSION

22. For these reasons, defendants respectfully request that the Court grant a forty-five day extension of time, until June 16, 2008, to respond to the complaint.

Dated:    New York, New York
          April 30, 2008

                                              _____
                                              KEITH M. SNOW (KS 5259)
                                              Assistant Corporation Counsel


To:   Mr. Joseph E. Falardo
      1870 Hering Avenue
      Bronx, New York 10461
      Via First Class Mail

      Hon. Judge Victor Marrero
      United States Courthouse
      Southern District of New York
      500 Pearl Street, Suite 660
      New York, New York 10007
      Via First Class Mail and ECF

> Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 6-16-08.
>
> SO ORDERED.
>
> 5-5-08
> DATE         VICTOR MARRERO, U.S.D.J.