USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED  7-17-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
JOSEPH E. FALARDO,                :
                                 :
            Plaintiff,            :     07 Civ. 9347
                                 :
      - against -                 :     **DECISION AND ORDER**
                                 :
NEW YORK CITY POLICE              :
DEPARTMENT,                       :
                                 :
            Defendant.            :
------------------------------ X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Joseph E. Falardo ("Falardo") filed a complaint
(the "Complaint") against defendant New York City Police
Department ("NYPD" or "Defendant") with the Equal Employment
Opportunity Commission ("EEOC") on May 16, 2007, alleging that
NYPD discriminated against him on the basis of his disability
at the time of his retirement in August of 1974 by denying him
benefits of the Police Officers' Variable Supplements Fund
("VSF"), in violation of the Americans with Disabilities Act
of 1990, 42 U.S.C. §§ 12112-12117 (the "ADA") and the New York
State Human Rights Law, N.Y. Exec. Law §§ 290-297 ("NYHRL").
On August 28, 2007, the EEOC issued a dismissal and notice of
rights, dismissing the charge and informing Falardo of his
right to file a lawsuit in federal court within 90 days.  On
October 18, 2007, Falardo filed the Complaint in this Court.
Defendant now moves to dismiss the Complaint pursuant to
Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") as
barred by the doctrine of res judicata.  For the reasons

stated below, Defendant's motion is GRANTED.

## I. BACKGROUND

### A.   FACTS AND PROCEDURAL HISTORY

The facts summarized below are taken primarily from the Complaint dated October 18, 2007, which the Court accepts as true for the purpose of ruling on the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

Falardo, who is disabled, was a police officer with the NYPD from June 1, 1953, until August 2, 1974, a period of 21 years and 2 months.  At the time of his retirement, Falardo was eligible for both a "for service" retirement ("Service Retirement"), which requires 20 years of service, and an ordinary disability retirement ("Disability Retirement"). Only retirees who satisfy the Service Retirement prerequisites are eligible to receive benefits from the VSF.  See N.Y.C. Admin. Code ("Code") § 13-271(a)(8).  Falardo alleges that the Police Pension Board and his Police Benevolent Association ("PBA") representative failed to inform him of the "monetary value" of his retirement options and that as a result he selected Disability Retirement, rendering him ineligible to receive VSF benefits.  (See Letter to Peter Alan Holland, dated Dec. 21, 2006, attached to Compl.)  Falardo now claims

-2-

that the NYPD's alleged failure to adequately inform him of
his retirement options constitutes discrimination on the basis
of his disability, in violation of the ADA and NYHRL.
Falardo, who was a PBA representative, also claims that after
he helped negotiate the contract with the City of New York
creating the VSF, the Code was altered from covering police
officers who retire "from service" to those who retire "for
service," rendering those electing Disability Retirement
ineligible for VSF benefits. Falardo alleges that this change
in the statutory language constitutes fraud.

B.    PRIOR PROCEEDINGS

The validity of the VSF statutory scheme (the "Scheme")
and the method by which it distributes funds has been
extensively challenged in both state and federal actions under
a variety of theories.    See Castellano v. City of New York,
142 F.3d 58, 74 (2d Cir. 1998) ("Castellano II") (holding that
denial of VSF benefits to disabled retirees does not violate
the ADA, the Rehabilitation Act, 29 U.S.C. § 791 et seq., or
the Age Discrimination in Employment Act of 1967, 29 U.S.C. §
621 et seq., and that plaintiff's Due Process and First
Amendment claims were "frivolous"), cert. denied, 525 U.S. 820
(1998); Castellano v. Board of Tr. of Police Officers'
Variable Supplement Fund, 937 F.2d 752 (2d Cir. 1991)
("Castellano I") (upholding the Scheme against challenge under

-3-

Equal Protection, Due Process, and Contract Clauses of the United States Constitution and declining to exercise supplemental jurisdiction over state law claims); Castellano v. City of New York, 674 N.Y.S.2d 364, 365 (App. Div. 1st Dep't 1998) ("Castellano III") (holding that plaintiffs could not relitigate their claim that they were entitled to VSF benefits and that "while plaintiffs could have raised additional claims in one or more of the foregoing actions, they opted not to do so, and they are barred by res judicata from doing so now"), appeal denied, 707 N.E.2d 444 (N.Y. 1998), cert. denied, 526 U.S. 1131 (1999); Bergamine v. Patrolmen's Benevolent Ass'n of the City of New York, Inc., 608 N.Y.S.2d 431 (App. Div. 1st Dep't 1994) (holding that the PBA did not violate its duty of fair representation by not taking steps to insure plaintiffs would receive VSF benefits), appeal denied, 639 N.E.2d 417 (N.Y. 1994); see also McDonough v. City of New York, No. 99 Civ. 12307, 2000 WL 1804137, at *5 (S.D.N.Y. Nov. 26, 2000) (holding that claims to the VSF benefits under various theories were barred by the res judicata effect of the state court judgment in Castellano III); Ryan v. Board of Tr. of the Police Officer's Variable Supplement Fund, 138 Misc.2d 826 (N.Y. Sup. Ct. 1988) (finding that restricting VSF benefits to retirees who take a Service Retirement does not violate the Equal Protection Clause of the

Fourteenth Amendment), aff'd without opinion, 546 N.Y.S.2d 504 (App. Div. 1st Dep't 1989). Falardo himself was a plaintiff in Castellano I, Castellano II, Bergamine, and McDonough.

## II. DISCUSSION

### A.   LEGAL STANDARD

Res judicata bars "subsequent litigation of any ground of recovery that was available in [a] prior action, whether or not it was actually litigated or determined." Balderman v. United States Veterans Admin., 870 F.2d 57, 62 (2d Cir. 1989); accord Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Res judicata applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). The doctrine serves to protect "litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, Inc., 439 U.S. 322 (1977).

Federal courts must give a state court decision the same preclusive effect that it would receive in state court. See Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir. 1996); Schulz

-5-

v. Williams, 44 F.3d 48, 53 (2d Cir. 1994) (citing Migra v.
Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75 (1984)). New
York uses the transactional approach to res judicata, meaning
parties are prevented "from raising in a subsequent proceeding
any claim they could have raised in the prior one, where all
of the claims arise from the same underlying transaction."
Schulz, 44 F.3d at 53 (citing Reilly v. Reid, 45 N.Y.2d 24
(N.Y. 1978)); accord Ferris v. Cuevas, 118 F.3d 122, 126 (2d
Cir. 1997) (summarizing New York case law on res judicata).
In determining whether two claims involve the same
transaction, New York courts look to whether the two claims
are "related in time, space, origin, or motivation." Reilly,
45 N.Y.2d at 29 (citations omitted). Typically, principles of
res judicata require that "once a claim is brought to a final
conclusion, all other claims arising out of the same
transaction or series of transactions are barred, even if
based upon different theories or if seeking a different
remedy." O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357
(N.Y. 1981).

B.   APPLICATION OF DOCTRINE

Falardo claims that by failing to fully explain to him
his option to take either a Service Retirement or a Disability
Retirement, the NYPD discriminated against him because of his
disability in violation of the ADA and NYHRL. Because Falardo

-6-

could have raised this claim in Castellano II and in multiple
other previous proceedings, the Court concludes that the claim
is barred by res judicata.

In Castellano II, Falardo and other plaintiffs who
voluntarily elected Disability Retirements appealed from the
District Court's decision granting the defendants' motion to
dismiss, asserting that their statutory exclusion from
eligibility for VSF benefits constituted discrimination on the
basis of disability in violation of Titles I and II of the
ADA.  See Castellano v. City of New York, 946 F. Supp. 249
(S.D.N.Y. 1996).  Consolidated with their claims was the
appeal of Serafino F. Velardi ("Velardi"), a disabled
firefighter for the New York City Fire Department ("NYFD") who
claimed that he had been discriminated against on the basis of
his disability in violation of the ADA because he was forced
to take a Disability Retirement instead of a Service
Retirement.  Castellano II, 142 F.3d at 65-66.  The Second
Circuit affirmed the dismissal of Falardo's claims, but
reversed the determination that Velardi was not a "qualified
individual with a disability" within the meaning of Title I of
the ADA.  Id. at 69.  In discussing Velardi's claim, the
Circuit Court observed:

> The ADA is violated where "persons covered by the ADA who
> qualify for both a service retirement and disability
> retirement plan are required to take a disability benefit
> which is less advantageous."  EEOC Notice 915.002 at 3.

-7-

> It is unclear on the record before us whether in fact
> Velardi was forced by NYFD to forego "for service"
> benefits, in that the NYFD failed to inform Velardi of
> the "for service" retirement option.  If such a failure
> occurred, it would be sufficient to establish Velardi's
> Title I ADA claim.

Id. at 72.  Falardo points to this language as "new
information" bearing on his case.  See Compl. ¶ 3.  The Court
disagrees.  Falardo's instant claim, which is strikingly
similar to Velardi's, could have and should have been raised
by him in the Castellano II proceedings.  The appropriate time
to bring all claims that circumstances and events of the
"underlying transaction" of Falardo's retirement violated the
ADA was before the district court in Castellano II.  Velardi's
assertion of precisely such a claim demonstrates that not only
could Falardo's ADA claim have been raised in a previous
action, but that to do so would have protected the NYPD from
"the burden of relitigating an identical issue with the same
party or his privy and [promoted] judicial economy by
preventing needless litigation."  Parklane, 439 U.S. at 326.

Falardo's previous opportunities to raise his ADA claim
were not limited to the proceedings in Castellano II, however.
See McDonough, No. 99 Civ. 12307, 2000 WL 1804137, at *6
("This is not a typical case of res judicata where the
plaintiffs advance claims that were raised or should have been
raised in one prior proceeding.  Instead, the plaintiffs
attempt to raise claims that have already been barred by res

-8-

judicata in [the <u>Castellano III</u> proceedings] because they had
already been raised and rejected or could have been raised in
multiple other proceedings."); <u>Castellano III</u>, 674 N.Y.S.2d at
365 ("While plaintiffs could have raised additional claims in
one or more of the foregoing actions, they opted not to do so,
and they are barred by res judicata from doing so now."). In
short, Falardo's ADA claim is barred by multiple applications
of res judicata.

Even absent considerations of res judicata, Falardo's ADA
claim has no merit as a matter of law because the alleged acts
of   discrimination took place twenty-six years before the
enactment of the ADA, which does not apply retroactively. <u>See</u>
<u>Smith v. United Parcel Serv. of Am., Inc.</u>, 65 F.3d 266 (2d
Cir. 1995). After the Second Circuit remanded Velardi's claim
in <u>Castellano II</u>, the District Court dismissed it on exactly
these grounds, and the Second Circuit affirmed. <u>See</u> <u>Velardi</u>
<u>v. New York City Fire Dep't Pension Fund</u>, 20 F. Supp. 2d 623
(S.D.N.Y. 1998), <u>aff'd</u> 182 F.3d 902 (2d Cir. 1999). Even if
the ADA were applicable, Felardo has failed to comply with the
ADA statute of limitations, which requires that a Charge of
Discrimination be filed with the EEOC within 180 days of the
alleged act of discrimination. <u>See</u> 42 U.S.C. § 12117; 42
U.S.C. § 2000e-5(1); <u>see</u> <u>also</u> N.Y. Exec. Law § 297(5)
(requiring that claims brought under NYHRL be filed within one

year of the alleged discriminatory practice).

Falardo also asserts that after he helped to negotiate the contract with the City of New York that created the VSF benefits in 1969, the language of a relevant provision was fraudulently changed to read "for service" instead of "from service," thus rendering Disability Retirement retirees ineligible for the benefits. <u>See</u> Code § 13-268. The Court finds these arguments to be utterly without merit. The legislature's failure to enact exactly what Falardo expected does not create a legal cause of action, and in any event, the negotiations at issue as well as the Scheme itself have already been extensively challenged under a broad range of legal theories. Further litigation of this issue is thus barred by res judicata.

### III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant New York City Police Department (Docket No. 11) to dismiss the complaint of plaintiff Joseph E. Falardo pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:    New York, New York
          17 July 2008

Victor Marrero
U.S.D.J.

-11-